IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS LEE ANDERSON,

                                       OPINION AND ORDER

Petitioner,

                                     14-cv-58-bbc[1]

v.

UNITED STATES OF AMERICA,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Thomas Lee Anderson has filed two documents styled as petitions for a writ of habeas corpus under 28 U.S.C. § 2241 relating to a 2006 conviction for mail fraud in the District of Minnesota.  United States v. Heppner, 05-cr-94-JRT-FLN (D. Minn.) (Petitioner and Anthony Heppner were co-defendants in that case).  I will consider the second, amended petition as the operative petition.  In that petition, petitioner argues that the charging statute was enacted illegally and that newly discovered evidence shows that the prosecutor engaged in misconduct and he was denied the effective assistance of counsel.

Setting aside the merits of petitioner's claims, the petition suffers from a fatal defect. Petitioner says that he is out of prison and no longer on supervised release.  Assuming this is true, he is not in a position to file a petition for a writ of habeas corpus.  Such a petition may be brought only by persons who are "in custody."  28 U.S.C. § 2241(c).  Although it

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

appears from the docket that petitioner continues to owe restitution, this alone does not meet the custody requirement. Virsnieks v. Smith, 521 F.3d 707, 721 (7th Cir. 2008) ("the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement").

What petitioner seeks is not habeas relief, but rather relief under a writ of coram nobis. Chaidez v. United States, 133 S. Ct. 1103, 1106 n.1 (2013) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief") (citing United States v. Morgan, 346 U.S. 502, 507, 510–511 (1954)). Unfortunately for petitioner, such relief is not available in this court. "Because coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 556 U.S. 904, 912–913 (2009) (citing Morgan, 346 U.S. at 505, n.4 (coram nobis is "a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding.")). Thus, the proper forum for seeking coram nobis relief is the court in which the judgment of conviction was entered. Denedo, 556 U.S. at 913; see also Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court. [The All Writs Act] does not authorize us to depart from this understanding of the writ."

Accordingly, I must dismiss the petition.  If petitioner wants to pursue his petition, he will have to do so in the court that sentenced him.  Before doing so, he should review the exacting requirements for obtaining relief through a writ for <u>coram</u> <u>nobis</u>.

ORDER

IT IS ORDERED that the document styled as a petition for writ of habeas corpus filed by petitioner Thomas Lee Anderson, dkt. #3, is DISMISSED.

Entered this 9th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge